(No. 1979— )

ESTHER MAY BOYD, A MINOR, BY SARAH BOYD, HER MOTHER AND NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 15, 1935.*

MANUEL L. WISEMAN and BROWN, HAY & STEPHENS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant, Esther May Boyd, a minor, by Sarah Boyd, her mother and next friend, filed her declaration with the clerk of this court on September 6, 1932, alleging that on March 21, 1932, Esther May Boyd, then ten years of age, was standing on the sidewalk on College Avenue in the City of Alton, when a Ford truck driven by Harry H. Hawkins, an employee of the State of Illinois at the Alton State Hospital at Alton, Illinois, drove by the place where Esther May Boyd was standing talking to a former minister.

This truck had a stake body and a crow-bar about four feet long was sticking out over the side of the truck and as it drove by it struck this child knocking her down to the sidewalk and breaking the right pelvis.

She was taken to a hospital owned by the State and treatments were given her by State doctors.

Damages in the sum of $10,000.00 are asked.

No question arises as to how the accident occurred. After being taken to the hospital, X-rays were taken and good results were obtained by the setting of the fracture and there are no deformities. She was in a hospital approximately four weeks. She responded readily to treatment and Dr. Stuart of the State Hospital testified that she had fully recovered.

An attempt was made to show that she was not keeping up with her classes because of nervousness but the testimony as to that was that she had passed in her classes in school

but apparently, as to arithmetic she was on trial. This had also happened once or twice prior to the accident.

Dr. Groves B. Smith, who resides at Alton, testified that he was a Neuropsychiatrist and. Physician, and that at the time he testified he was Superintendent of Beverly Farm, Inc., a school for nervous and backward children, located at Godfrey, Illinois. In his· opinion, the claimant was· a child who was markedly under an increased nervous tension and emotional. There was no tenderness or rigidity over pelvis neck or along the spinal column. The mental examination was made by use of the Yerkes Bridges Point Scale, which gave a mental age life of 9¾ years, and this was checked with the Binet Simon Test, Standard revision, which showed a mental age life of 9¼ years. It was his opinion that her nervous condition would need some six months further treatment of once every two or three weeks.

The child's mother or friend was permitted to stay at the hospital with her nights during the entire time she was confined there.

The State doctors also had the similar professional training of Dr. Smith.

From all the evidence, it is quite apparent that this child has fully recovered from her injury.

Dr. Smith's claim for services is $93.00, but this included a charge of $50.00 for his appearance in court, which could not be allowed by the court in such cases.

This court has repeatedly held that the State is not liable for injuries resulting from the negligent acts of its employees, agents or servants in the exercise of governmental functions. That doctrine is so firmly established that it requires no citation of authority.

We must, therefore, deny any award in this case.